IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CYNTHIA ANN TALLENT,                )
individually and as First Friend of  )
Paige Michelle Tallent               )    No. 3-11-0558
                                     )
v.                                   )
                                     )
RICHARD ALAN PRESCOTT; and           )
THE UNITED STATES POSTAL             )
SERVICE                              )

TO: Honorable Todd J. Campbell, Chief District Judge

## REPORT AND RECOMMENDATION

### I. BACKGROUND

The plaintiff filed a complaint in the Circuit Court for Sumner County, Tennessee on March 2, 2011. Defendant United States Postal Service removed the case to this Court on June 10, 2011, and simultaneously filed a motion to dismiss (Docket Entry No. 2). An initial case management conference was scheduled on July 25, 2011, at which time counsel for both defendants appeared but no appearance was made on behalf of the plaintiff. It appeared that the defendant United States Postal Service had not served a copy of the notice setting the initial case management conference on plaintiff's counsel. However, upon the Court's request, counsel for the government called plaintiff's counsel and was advised that he anticipated filing a motion to withdraw as counsel.

By order entered July 26, 2011 (Docket Entry No. 8), plaintiff's counsel was given until August 9, 2011, to file a motion to withdraw or to file a response to the motion to dismiss. On August 8, 2011, counsel for the plaintiff filed a motion to withdraw (Docket Entry No. 11), which was denied by order entered August 8, 2011 (Docket Entry No. 12), for failure to comply with Local Rule 83.01(g). Thereafter, on August 9, 2011, plaintiff's

counsel filed a second motion to withdraw (Docket Entry No. 13), which was granted by order entered the same date (Docket Entry No. 14). That order also provided that the plaintiff had 30 days to obtain new counsel or she would be considered as pursuing this action pro se.

By order entered August 10, 2011 (Docket Entry No. 16), a status conference was scheduled on September 20, 2011, and the plaintiff or her attorney, if she obtained counsel, was directed to appear at that time, and the plaintiff was specifically warned that her failure to appear or the failure of counsel to appear on her behalf on September 20, 2011, could result in the dismissal of this case. Copies of the August 9, 2011, and August 10, 2011, orders were mailed to the plaintiff at the address provided by her counsel, see Docket Entry No. 13-1, by regular, first class mail and by certified mail. The certified mail was returned with the notations "Return to Sender" and "Unable to Forward," see Docket Entry Nos. 18 and 19, but the mailings sent regular, first class mail were not returned.

Counsel for the defendants appeared on September 20, 2011, but no appearance was made by the plaintiff or any attorney on her behalf. Defendants' counsel advised that they had had no communication from the plaintiff. The plaintiff has made no filings in this case after plaintiff's counsel was permitted to withdraw nor has the plaintiff otherwise communicated with the Court.

## II. ANALYSIS

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d

734 (1961). Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Bishop v. Cross, 790 F.2d 38 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff has been given ample time to obtain new counsel. She was clearly informed of her obligation to appear at the September 20, 2011, status conference with or without an attorney, but she failed to do so. She has not responded to the pending motion to dismiss, nor has she made any filings in this case or otherwise communicated with either the Court or counsel for the defendants. She has had more than sufficient time to indicate any interest in pursuing this case with or without counsel, but she has failed to take any action. She was specifically warned that her failure to appear on September 20, 2011, could result in the dismissal of this case.

It is apparent that the plaintiff has lost any interest in pursuing this case.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully recommend that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to prosecute this case, and specifically for her failure to comply with the order entered August 10, 2011 (Docket Entry No. 16), and her failure to appear at the status conference scheduled on September 20, 2011, pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. See Thomas v. Arn,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters,</u> 638 F.2d 947 (6th Cir. 1981).

      The Clerk is directed to mail a copy of this Report and Recommendation to the plaintiff at the address listed on the docket by regular, first class mail and by certified mail.

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge